**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - -X
JOSE URENA,                     :
                                :
    Petitioner,                 :
                                :    03 Civ. 6722 (JFK)
        - against-              :    99 Cr. 73 (JFK)
                                :    **OPINION AND ORDER**
UNITED STATES OF AMERICA,       :
                                :
    Respondent.                 :
- - - - - - - - - - - - - - - -X

<u>APPEARANCES</u>:

    For Petitioner,

        JOSE URENA, <u>pro se</u>
        44455-054
        F.C.I. Elkton
        P.O. Box 10
        Lisbon, OH 44432

    For the Respondent,

        DAVID N. KELLEY,
        United States Attorney
        for the Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel: AUSA Edward Chang

**JOHN F. KEENAN, United States District Judge**

**John F. Keenan, United States District Judge:**

Before the Court is Jose Urena's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons that follow, the petition is denied.

## Background

On February 22, 2000, Urena was convicted, following a jury trial, of trafficking in narcotics and of conspiracy to traffic in narcotics, in violation of Title 21 U.S.C. §§ 841, 846, and 851. Judge Schwartz[1] sentenced Urena to 270 months' imprisonment on February 14, 2001. The judgment of conviction was affirmed by the United States Court of Appeals for the Second Circuit, and Urena's application for a writ of certiorari was denied on June 28, 2002.

Urena filed the instant motion on July 14, 2003, claiming (1) that the District Court lacks jurisdiction to impose a sentence in this case under 21 U.S.C. § 851 or under § 4B1.1 of the United States Sentencing Guidelines, and (2) that his trial and appellate counsel were ineffective. The Government, however, urges the Court to dismiss the petition as untimely, because Urena filed the petition after the expiration of the one year limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

---

[1]Judge Schwartz passed away in late 2003 and his criminal docket was reassigned to the undersigned.

1

In reply, Urena argues that his counsel is responsible for his untimeliness, and that the limitations period should be tolled because "his counsel deceived him about when the certiorari petition was denied." Pet. Brief at 3. Urena states that, sometime between November and December of 2002, he asked his appellate attorney – who was no longer representing him – when his petition for certiorari had been denied. Urena contends that the attorney informed him that he was "pretty sure" that the certiorari was denied "sometime around July or August," but that he would have to look in petitioner's file which had been put away as a closed case. In January 2003, Petitioner inquired again of the attorney whether he had found the proof of the denial of certiorari, and the attorney then stated he was "sure" it was in mid-August 2002, but he "would send petitioner a copy of its proof" as soon as possible. Petitioner did not hear back from the attorney again, and, deciding that he wanted to be on the "safe side," he prepared and filed his § 2255 petition "before the August date." It was not until July 21, 2003, that petitioner received proof from the attorney that his petition for certiorari was denied on June 28, 2002, and printed in the August 2002 Lawyers Edition publication of Supreme Court decisions. <u>See</u> Affidavit of Jose Urena, dated September 1, 2003 ("Urena Aff.").

2

**Legal Standards**

Section 2255 allows one year from the date a judgment of conviction becomes final for a defendant to file a motion to vacate, set aside, or correct a sentence. See 28 U.S.C. § 2255. That one-year limitations period may be subject to equitable tolling. See Smith v. McGinnis 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling only applies, however, in "the rare and exceptional circumstance[ ]" where a petitioner can show that "extraordinary circumstances prevented him from filing his petition on time." Id. (alteration in original). This circuit, along with others, has found attorney error inadequate to create the "extraordinary" circumstances equitable tolling requires. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (citing decisions of the Third, Seventh, and Eleventh Circuits). See also Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) ("[A]ttorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period . . . [but,] at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." (emphasis in original)).

"The presence of extraordinary circumstances is not enough, however, to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his

3

petition to be untimely." Baldayaque, 338 F.3d at 153 (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)); see Smith 208 F.3d at 17 ("[A petitioner] seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.").

**Analysis**

Because Urena's petition for a writ for certiorari was denied on June 28, 2002, the AEDPA statute of limitations expired on June 28, 2003. Urena's filing of the instant motion on July 14, 2003, was thus outside the limitations period, and Urena has not proven circumstances that would warrant equitable tolling.

Whether or not Urena's former appellate counsel deceived Urena is debatable. Urena's affidavit makes it clear that the attorney was not sure of the exact date certiorari was denied, and there is nothing in the record to show deliberate deception. See Urena Aff. Rather, the attorney gave Urena erroneous approximations of when he believed certiorari had been denied. The attorney never gave Urena an exact date, and this should have put Urena on notice that the approximations were not necessarily accurate. Furthermore, the attorney did not draft or in any other way assist Urena with the § 2255 petition. Urena was solely responsible for his pro se petition, and therefore should have made a personal effort to learn the exact date his conviction became final.

Urena erroneously relies on Baldayaque v. United States, 338 F.3d 145 (2nd Cir. 2003), to support his claim that attorney error warrants equitable tolling of the otherwise expired statute of limitations. In Baldayaque, the petitioner's attorney failed to conduct any legal research on the case, and never spoke to, or even met the petitioner. Id. at 152. The attorney also failed to file a § 2255 petition on the petitioner's behalf even though he was specifically directed to do so. Id. The court held that attorney conduct may constitute "extraordinary circumstances if the conduct is sufficiently egregious, and that the conduct Baldayque described was "far enough outside the range of behavior that reasonably could be expected by a client that [it] may be considered extraordinary." Id. at 152-53. The court then remanded the case for findings as to whether the petitioner could show that he had acted with reasonable diligence and that the extraordinary circumstances caused his petition to be untimely. Id. at 153.

Here, Urena's former appellate counsel erred as to when the conviction became final. This attorney conduct does not constitute behavior so far outside the range of what may reasonably be expected that it rises to the level of extraordinary circumstances to merit equitable tolling.

Assuming, arguendo, that Urena's former appellate counsel's conduct was sufficiently egregious to warrant equitable tolling,

Urena would still have to prove that he acted with reasonable diligence, and that the extraordinary circumstances prevented him from filing his petition on time. However, Urena made only two attempts to discover, from his former appellate counsel, the date of the denial of certiorari. The record does not reflect that Urena followed up on his inquiries, or took advantage of available alternative methods to assure himself of the exact date. Thus, Urena did not act with reasonable diligence throughout the period he seeks to toll.

Even if the Court were to accept petitioner's claim as to diligence, which the Court is not inclined to do, Urena cannot prove that the attorney error caused Urena to file in an untimely manner. Urena obtained the erroneous information from his attorney in January 2003 – at least five months before the June 28 deadline – and thus had sufficient time to prepare and file his petition. Urena was not depending on his counsel to file his petition as was the petitioner in Baldayaque; he simply relied on incorrect information.

## Conclusion

The petitioner cannot establish that there were exceptional circumstances that prevented him from filing on time or that he diligently pursued his claim. Therefore, Urena's § 2255 petition is dismissed as untimely. The Court orders this case closed, and directs the Clerk of the Court to remove it from the Court's active docket.

SO ORDERED.

Dated: New York, New York
July /3, 2005

JOHN F. KEENAN
United States District Judge